## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**FRANKIE CHEATHAM**                                                    **PLAINTIFF**

      **vs.**                                   **CIVIL ACTION No.: 3:20-CV-611-HTW-LGI**

**ALLSTATE VEHICLE AND**
**PROPERTY INSURANCE**
**COMPANY**                                                             **DEFENDANT**

## ORDER

BEFORE THIS COURT is a Motion to Dismiss Certain Counts of the Complaint filed by the defendant. **[Docket no. 7]**. By its motion, defendant asks this court, under the authority of Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure, to dismiss plaintiff's claims for bad faith breach of contract and negligent infliction of emotional distress. Plaintiff responds that she has pled with the specificity required to survive a challenge under Rule 12(b)(6).

### I.      JURISDICTION

Plaintiff Frankie Cheatham filed her lawsuit on September 17, 2020, in this federal forum. Concomitant with that filing in a federal court, Cheatham, in that complaint, was required to allege this court's subject matter jurisdiction over this dispute. In obedience to this requirement, Cheatham invoked Title 28 U.S.C. § 1332[2] subject matter diversity jurisdiction, usually referred to as "diversity jurisdiction". Section 1332 advances two factors: that the amount in controversy

---

[1] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: […]

    (6) failure to state a claim upon which relief can be granted;

Fed. R. Civ. P. 12

[2] (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

    (1) citizens of different States;

28 U.S.C.A. § 1332 (West).

be for damages greater than $75,000, exclusive of interests and costs; and that complete diversity of citizenship exist between the parties.

Defendant Allstate Vehicle and Property Insurance Company has not challenged subject matter diversity jurisdiction; nevertheless, this court has an independent obligation to verify it possesses such.[3] Upon a review of the pleadings of the parties, this court finds it does possess subject matter diversity jurisdiction. The parties are completely diverse: plaintiff Frankie Cheatham is an adult resident of the State of Mississippi; defendant Allstate Vehicle and Property Insurance Company is a corporation organized under the laws of the State of Delaware with its principle place of business in Northbrook, Illinois. The amount in controversy, exclusive of interests and costs, is $4,500,000.00, far in excess of $75,000, exclusive of interests and costs.

This federal court, deciding this lawsuit under subject matter diversity of citizenship jurisdiction, is obligated to apply, not federal substantive law, but, instead, the substantive state law of the forum state, that here being the state law of Mississippi. *Learmonth v. Sears, Roebuck & Co.* 710 F.3d 249, 258 (5th Cir. 2013).

## II.    FACTUAL ALLEGATIONS OF COMPLAINT

Frankie Cheatham (hereinafter referred to as "Cheatham") owns a home on Terry Road, Terry, Hinds County, Mississippi. The Defendant, Allstate Vehicle and Property Insurance Company (hereinafter referred to as "Allstate"), back on August 15, 2018, issued a homeowner's insurance policy (Policy Number 815448745) on the property. The parties do not indicate whether

---

[3] Federal courts are obliged to examine the basis for the exercise of federal subject-matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A federal district court may examine its subject-matter jurisdiction over a matter, *sua sponte*, at any time. *Giles v. Nylcare Health Plans, Inc*., 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2007). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added).

*Dean v. Mozingo*, 521 F. Supp. 2d 541, 551 (S.D. Miss. 2007)(overturned on other grounds).

the policy was a renewal policy or a new homeowner's policy. That policy was still in effect on May 29, 2019.

On May 29, 2019, Cheatham suffered fire damage to her real and personal property at her Terry Road home. She immediately reported the fire damage to Allstate and submitted a claim. The parties herein appear to agree that Allstate paid Cheatham a small upfront sum on the policy[4]; nevertheless, Cheatham was dissatisfied. According to Cheatham, Allstate summarily ignored her estimate of the fire damage, and her entitlement to policy proceeds, and even ignored her requests for review of the claim.

Relying on the insurance policy, Cheatham then sought to trigger the policy's appraisal process. She took this action on August 21, 2019. After some delay, says Cheatham, Allstate finally selected an appraiser. The policy allowed both Allstate and Cheatham to name an appraiser. Allstate named Michael O'Neal; Cheatham selected Vincent Caracci. Cheatham's appraiser and Allstate's appraiser disagreed on the amount of the loss.

Pursuant to the policy, upon that eventuality, the parties were to pick an "umpire" to break the tie. Allstate filed a lawsuit in this federal forum to force Cheatham to select an umpire. *See* 3:19-cv-759-CWR-FKB. That lawsuit was before United States District Judge Carlton Reeves, who entered an order on February 24, 2020, naming Larry Latham (hereinafter referred to as "Latham") as the umpire on the agreement of the parties. Latham did not complete his duties as umpire, though; he claimed personal health issues. He ceased working to resolve the case on August 6, 2020. Left without an umpire, the contesting parties were at a standstill.

---

[4] The parties seem to argue in their submissions that Allstate paid a small upfront sum to Cheatham. Cheatham, however, in her complaint alleges "Allstate failed, refused and continues to refuse to fully pay or offer coverage under the terms of the policy…" and "Allstate has failed, refused and continues to refuse to pay and provide coverage for this claim."

Approximately a week later, Allstate mailed to Cheatham, on August 13, 2020, a letter prepared by its' counsel, Robert Stephenson (hereinafter referred to as "Stephenson"). In that letter, Stephenson stated the following:

> The disagreement which currently exists between Allstate and Frankie Cheacham as evidenced by a comparison of the Assured Value report to the Allstate estimates is not a disagreement concerning the amount of loss. There is a disagreement regarding the cause of damage and the extent of damage. Under Mississippi law, such a disagreement cannot be submitted for appraisal.

[Docket no. 1-1]. Stephenson then informed Cheatham that it was Allstate's position that an appraisal would not be the proper mechanism to resolve the claim, but the parties could agree to arbitrate the matter.

Cheatham's lawsuit against Allstate followed. In her lawsuit Cheatham submits three (3) claims: (1) breach of contract; (2) bad faith breach of contract; and (3) negligent infliction of emotional distress. Her bad faith claim challenges Allstate's true motive for withdrawing from the appraisal process, contending, in essence that Allstate's malicious intent is simply to outwait a hapless policy holder who because she has no home and no appreciable insurance money to rebuild one would have to settle her claims on Allstate's terms.

No discovery has been had yet. Allstate began the appraisal process, but withdrew. Recently, this court directed the parties to submit the appraisal reports of their respective appraisers. This court wanted to know what, if any of Allstate's evidence gave rise to a question about the cause of the fire damage. As stated above, Allstate earlier had submitted a letter from its attorney, Stephenson, stating that Allstate was disputing the extent and cause of damage as Allstate's reason for abandoning the appraisal process, not because of a difference of opinion on the amount of money at issue. The parties duly submitted their appraisal reports; this court will make those reports a part of the record.

4

## III.    ANALYSIS

Fed. R. Civ. P. 8(a) sets forth the pleading requirements to state a valid cause of action. Rule 8 states that a pleading must state a claim for relief which contains a "short and plain statement of the claim showing that the pleader is entitled to the relief."

Following the United States Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007), courts have recognized that the pleading requirements of Rule 8 have "shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than a possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009). *See also Noatex Corporation v. King Construction of Houston, LLC*, 2013 WL 12241279 at *1 (N.D. Miss. 2013)(observing that the *Twombly* "'plausibility' standard raises the fair notice standard to a heightened pleading standard requiring that factual allegations be more than mere labels and conclusions and a formulaic recitation of the elements of a cause of action."); and *In Re Morey*, 2012 WL369486 at *6 (Bankr. S.D. Miss. 2012)(noting heightened pleading standards following *Iqbal* and *Twombly*).

To survive a 12(b)(6) motion, a complaint must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The allegations of the complaint must have "nudged [the] claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 569.

In *Iqbal*, the plaintiff alleged that the defendants "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement . . . ." 556 U.S. at 680. The United States Supreme Court held that these are mere "bare assertions" which amount to a "formulaic recitation of the elements" of the claim. *Id*. at 681. The *Iqbal* Court held that the "allegations are conclusory and not entitled to be assumed." *Id*.

Motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). A Rule 12(b)(6) motion should only be granted by the trial court if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 101-102, (1957); *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505, 506 (5th Cir. 1971). A complaint "does not need detailed factual allegations," but must "provide the plaintiff's grounds for entitlement to relief -- including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007)).

In considering such a motion, this court must accept as true all of the factual allegations in plaintiff's complaint. *Herrmann Holdings Ltd. v. Lucent Technologies Inc*., 302 F.3d 552, 557 (5th Cir. 2002). This court must also liberally construe plaintiff's complaint, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir. 1998).

"The question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Ashcroft*, 556 U.S. at 684-85. "We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery." *Id*. at 686.

By this motion, Allstate attacks Cheatham's bad faith claim and her claim of negligent infliction of emotional distress. Allstate says, with the dismissal of these two (2) claims, Cheatham will only have her breach of contract claim subject to trial after appropriate discovery and possible future motions. This court now addresses Allstate's arguments for dismissal of Cheatham's two (2) claims above mentioned.

*a. Bad Faith Breach of Contract*

A bad faith cause of action, under Mississippi law, arises when an insurance carrier denies a claim without an arguable basis. *State Farm Fire and Cas. Co. v. Simpson*, 477 So.2d 242, 250 (Miss. 1985).

> In order to recover punitive damages against an insurance company for bad-faith refusal to pay a claim, or refusal to honor an obligation under an insurance policy, the insured must first demonstrate that the claim or obligation was in fact owed . . . . Second, the insured must demonstrate that the insurer has no arguable reason to refuse to pay the claim or to perform its contractual obligation. Finally, in order to recover punitive damages from the insurer for bad faith, the insured must demonstrate that the insurer's breach of the insurance contract 'results from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an intentional tort.'

*Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 271 (5th Cir. 2008)(citing Jeffery Jackson, Mississippi Insurance Law, § 13:2, providing summary of elements emphasized by different Mississippi cases regarding bad faith claims); *See also Bryant v. State Farm Fire & Cas. Co.*, 2021 WL 3086765, at *5 (S.D. Miss. July 21, 2021) and *Liberty Ins. Corp. v. Tutor*, 309 So. 3d 493 (Miss. Ct. App. 2019). The third element – that the insurer's breach results from an intentional tort – requires malice on the part of the insurance carrier. *See State Farm Fire and Casualty v. Simpson*, 477 So. 2d 242, 253 (Miss. 1985); *see also Aetna Casualty and Surety Company v. Day*, 487 So. 2d 830 (Miss. 1986).

Allstate first argues that Cheatham's complaint is merely a formulaic recitation of the elements of a cause of action for bad faith breach of contract. Allstate's argument ignores the urgings of Cheatham's complaint.

In her seven (7) page, twenty-three (23) paragraphed complaint, Cheatham alleges the following:

6. On May 29, 2019, Cheatham suffered severe fire damage to her property and personal property. At that time, Cheatham timely reported the claim (claim no.:0547289611), and Allstate failed to properly participate in the appraisal process after delay of over one year and denied payment of any kind despite substantial damage. Allstate summarily ignored the estimate and ignored requests for review of the claim. Cheatham properly raised the appraisal provision of her policy. With substantial delay, Allstate finally selected an appraiser. Defendant's appraiser and Allstate's appraiser disagreed on the loss. An umpire was appointed by court order, Larry Latham. However, Latham declined to finish his duties as umpire due to personal health issues.

7. Allstate mailed a letter on August 13, 2020 prepare[d] by its' counsel Robert Stephenson. Exhibit "A". Mr. Stephenson articulated in his letter that [it] is now Allstate's position that appraisal is not the proper mechanism for resolving this claim. Allstate's position is that it will not participate in appraisal.

8. The Defendant has failed and/or refused to recognize the claim associated with the fire damage. They have failed at all to recognize the Defendant's rights to coverage under said policy for damage associated with the fire damage, loss of use coverage, loss assessment coverage, or any other coverage.

9. Due to the actions of all Defendant, it is anticipated that the Plaintiff will be forced to pay more out of pocket expenses for the losses to her home and personal property. Without an arguable and legitimate reason, Allstate refused to further participate in appraisal and comply with their own contract provisions despite attempts by the Plaintiff. Allstate is further not recognizing their own underlying gross negligence and breach of contract tantamount to the independent tort of bad faith, in failing to properly participate in the appraisal process, delaying the claim, ALE payments and personal property payments as is customary and standard in the industry and customary and standard in Allstate's handling and adjusting of other claims in the past. This constitutes negligence, and said negligence, breach of contract and proximately caused the damages claimed herein. (*sic*)

10. At all relevant times thereafter such policy of insurance, issued by Allstate was in force and effect and provided coverage for the Defendant for the exact, precise reasons coverage was sought in this matter. The claim is a covered claim, and the Defendant has negligently and intentionally withheld coverage and have continued to attempt to limit coverage purchased by the Defendant. The underlying fire damage is a covered claim under the general policy terms. The Defendant's actions

in this regard are negligent, grossly negligent and/or intentional and have proximately caused the Plaintiff's continued damages in this matter. [...]

17. Plaintiff adopts and re-allege all the allegations of every Paragraph contained herein this complaint.

18. At all material times Allstate knew or should have known that the claim of the Plaintiff was due and owing and constituted a covered claim under the general policy terms and coverage. Allstate tacitly denied payments and has effectively limited coverage however, without an arguable reason and in fact has wrongfully attempted to manufacture a reason fraudulently that Plaintiff's claim is limited and now not subject to appraisal and umpire determination. Further, the blatant refusal to participate in the appraisal process after over one year [...] is tantamount to denial by delay, breach of contract and bad faith.

19. As a direct and proximate result of the actions of Allstate, Plaintiff is entitled to recover damages for the bad faith breach of insurance contract, including property loss, loss of use, mileage, personal property damage and loss, anxiety, emotional distress, pain and suffering, medical expenses, worry and mental distress, and all other damages listed herein and sustained as a direct and proximate result of Allstate's wrongful denial of claim and wrongful failure [to] adequately pay claim based on the policy that was sold to the Plaintiff.

[Docket no. 1].

This court finds that Cheatham has adequately asserted a bad faith claim. Her accusations amount to more than a formulaic recitation of the elements of bad faith.

In her legal brief opposing Allstate's motion to dismiss bad faith and negligent infliction of emotional distress, Cheatham continued her challenge to Allstate's "true motive" to withdraw from the appraisal process.

Allstate's lawyer sought to frame Allstate's action as falling under a dispute concerning "cause and extent of fire damage". Cheatham responded that this explanation lacked credibility. This court certainly appreciates that under Mississippi law, the appraisal clause of an insurance policy may only be invoked under certain circumstances. "Resort to appraisal is available only when there is a dispute regarding the value of property lost." Jeffrey Jackson, Mississippi Insurance Law and Prac. § 15:29. Appraisers do not have the "power to determine the cause of the damage." *Munn v. National Fire Ins. Co. of Hartford*, 115 So.2d 54, 55 (Miss. 1959). Where a

disagreement relates to the cause of damage or the extent of damage, the appraisal process is not warranted. *See Munn v. National Fire Ins. Co. of Hartford*, 115 So.2d 54, 55 (Miss. 1959); and *Sunquest Properties, Inc. v. Nationwide Prop*. and Cas. Co., 2009 WL 1609046 at *2 (S.D. Miss. 2009).

Under the facts here, though, Cheatham may have a point. Neither in its original brief, nor rebuttal brief, did Allstate point to any evidence backing up its "cause and extent of fire damage" explanation for withdrawing from the appraisal process. When did such information reveal itself to Allstate? Not at the inception of the appraisal process. Not when the two opposing appraisers presented their damage figures to each other. Not before Allstate was so committed to an appraisal that Allstate went to court to require Cheatham to name an umpire.

The above questions are glaring. So glaring that this court needed to see the two appraisal reports, to see if a "cause and extent" issue was raised therein. As far as this court is aware, the parties have not conducted any discovery; so looking at this matter temporally, it would seem then, under these circumstances, that Allstate must have seen something in the appraisal reports to cause its withdrawal.

The appraisal reports were not a part of the record, but had been mentioned in the arguments of counsel; so, the court asked for such. No objection was submitted by either side.

The appraisal reports do not mention a cause and extent issue, in this court's eye. Maybe Allstate is relying on some other piece of evidence for its position.

Cheatham argues that this lawsuit features more than just a "pocketbook dispute"; Cheatham complains that Allstate unilaterally breached the contract and abandoned the appraisal process, all of which add up to an intentional wrong which support her bad faith claim. This court agrees. Allstate cannot on one hand argue that this lawsuit is simply a "pocketbook dispute" and,

10

on the other hand, contend that the parties disagree about the cause and extent of the damage. The two arguments are mutually exclusive.

Cheatham's complaint herein has pled bad faith breach of contract. As this court stated above, Allstate's unilateral withdrawal from the appraisal process after participating in such for a year – including filing a separate lawsuit against Cheatham to name an umpire – could plausibly be construed as bad faith. Accordingly, this court must deny Allstate's motion to dismiss.

### b.  Negligent Infliction of Emotional Distress

The Mississippi Supreme Court has held that "[e]xtracontractual damages, such as awards for emotional distress and attorneys' fees, are not warranted where the insurer can demonstrate 'an arguable, good-faith basis for denial of a claim.'" *United Services Auto. Ass'n (USAA) v. Lisanby*, 47 So.3d 1172, 1178 (Miss. 2010)(citing *United Amer. Ins. Co. v. Merrill*, 978 So.2d 613, 627 (citing *State Farm Ins. Co. v. Grimes*, 722 So.2d 637 (Miss.1998); *Standard Life Ins. Co. v. Veal*, 354 So.2d 239 (Miss.1977)). *See also Hoover v. United Services Auto. Ass'n*, 125 So.3d 636, 642 (¶ 16) (Miss. 2013)(holding same and noting that damages for emotional distress and mental anguish are unavailable in a suit where insurance carrier had reasonably arguable basis to support denial).

This court already has found that Cheatham properly pled bad faith or maliciousness. Accordingly, Allstate's motion to dismiss must be denied.

> In order to recover for the negligent infliction of emotional distress, there must be
>
> some sort of physical manifestation of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant. For [a plaintiff] to recover for mental anguish unaccompanied by demonstrable physical or mental injury, the defendant's conduct must be malicious, intentional, willful, wanton, grossly careless, indifferent or reckless.

*Randolph v. Lambert*, 926 So.2d 941, 946 (Miss. Ct. App. 2006).

Cheatham has also pled a physical manifestation of injury or demonstrable harm and that Allstate's actions against her were "malicious, intentional, willful, wanton, grossly careless, indifferent or reckless". Her complaint clearly states:

> The act of failing to adequately pay a covered claim by manufacturing a reason that the claim is somehow now not subject to appraisal constitutes negligent and outrageous conduct. Defendants knew or should have known that harm would result from said outrageous conduct. And as a direct and proximate result of the Defendant's conduct, the Plaintiff suffer[s] harms ...[5]

Cheatham has placed Allstate on notice of her claims and such plausibly pleads a cause of action for negligent infliction of emotional distress. Accordingly, this court finds that Allstate's motion to dismiss must be denied.

## IV.    CONCLUSION

This litigation has been stayed pending a ruling on Allstate's Motion to Dismiss Certain Counts of Complaint **[Docket no. 7]**. The parties have, commensurately, requested an extension of the original discovery and motions deadlines. **[Docket no. 33]**. With the entry of this order, this court now lifts the stay. Further, this court finds the parties' joint motion to extend deadlines well-taken.

**IT IS, THEREFORE, ORDERED that Allstate's Motion to Dismiss Certain Counts of Complaint [Docket no. 7] is hereby DENIED.**

**IT IS FURTHER ORDERED that the Joint Motion to Extend Discovery and Motion Deadline [Docket no. 33] is hereby GRANTED.**

---

[5] Cheatham's complaint purports to list a number of harms. This ruling does not validate all of the "harms" alleged by Cheatham, only that some of the alleged harms are sufficiently alleged at this stage of the litigation. This court expects to return to this issue when and if a motion for summary judgment is filed.

**IT IS FINALLY ORDERED** that the parties are to contact the assigned Magistrate Judge within ten (10) days of this Order for her to provide a date for a Scheduling Conference.

**SO ORDERED this the 21st day of September, 2021.**

s/ HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE